Justice Durham,
concurring separately:
¶85 I concur in the result, and in all parts of the majority opinion except the analysis under rule 412 of the Utah Rules of Evidence contained in Part III.B. I do not disagree with the opinion’s explanation of the content and standards for review of evidentiary concerns implicating the Sixth Amendment. I do disagree with the trial court’s and the majority’s assessment of the evidence in this case. The trial court, as the majority notes, concluded that the defendant could “make the same allegations [that the victim’s testimony about sexual details was the result of her relationship with a boyfriend and not the *1031 defendant’s attacks] with different evidence.’ Supra ¶80.
¶86 The “different evidence” in question, according to the majority, is “principally the evidence of [the victim’s] experience with the sexual activity and prostitution taking place in her household.” Supra ¶81. But the type of testimony at issue here bears no logical nexus to second-hand exposure to sexual activity or prostitution. It contained explicit, personal descriptions of physical sensations, pain, and cloudy substance in her urine. There is no likelihood, in my view, that any of that testimony came from observations of, or conversations about, the consensual adult sexual activities going on in the household. It is also unfortunate that the prosecutor referred to the victim on several occasions in connection with this issue as a “child,” in an apparent effort to emphasize her sexual inexperience. Thus, I think the defense met the threshold for creating a Sixth Amendment claim, and that the court of appeals erred in affirming the trial court’s conclusion that the other evidence of sources for the victim’s sexual knowledge were adequate to meet that claim.
¶87 That being said, however, I agree with the majority opinion that the defense entirely failed to show “that the operative rule of evidence ‘significantly undermined fundamental elements of the defendant’s defense.’ ” Supra ¶77 (citation omitted). In failing to ask for an in camera proceeding and in failing to create a record permitting comparison of the rule 412 evidence and the other evidence anticipated at trial, the defendant leaves us only with his speculation that the victim’s sexual experiences with another child would shed any light on the content and veracity of her testimony. We have only unconfirmed assertions about the nature of that experience, and it was up to the defendant to rectify that situation. Thus I conclude that in light of the trial court’s concerns about the harm to the victim in the admission of the testimony, it was not a violation of defendant’s rights and was within the court’s discretion to exclude it.